UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MAZIN YALDO,**

        Plaintiff,                Case No. 05-40321

vs.

                                  HONORABLE PAUL V. GADOLA
                                  MAGISTRATE JUDGE STEVEN D. PEPE

**MERCEDES-BENZ CREDIT CORPORATION**
**d/b/a MERCEDES-BENZ CREDIT,**

        Defendant.
_____/

## REPORT AND RECOMENDATION

This matter is before the Court pursuant to Plaintiff's complaint alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq* (the "Act").  On December 15, 2005, Defendant filed its motion to dismiss or stay proceedings (Dkt. #7) which was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B).  For the reasons stated below, **IT IS RECOMMENDED** that this matter be **DISMISSED** on a finding that Defendant is not a debt collector as defined by 15 U.S.C. §1692a(6)(F).

**I.**    **Background**

This case involves an auto lease between Plaintiff, as lessee, and Mercedes Benz of Novi (MB-Novi), as lessor, which was assigned by MB-Novi at lease inception to DiamlerChrysler Financing Services Trust (DCFS) (Exhibit 1, pp. 1,3).  The February 28, 2002, Lease indicates that "DamilerChrsler Services North America LLC ('Mercedes-Benz Credit')" (MBC) would serve as DCFS' financing agent, and that all amounts due under the lease were to be paid to Defendant MBC (Exhibit 1, p. 4).

Plaintiff disputed lease-end charges he was assessed for alleged damage to the vehicle.

Plaintiff did not pay the charges and MBC attempted to collect the debt. Plaintiff brought this suit against MBC for unfair debt collection practices under the Act due to MBC's refusal to cease and desist collection attempts after being notified that Plaintiff disputed the charges and had retained an attorney to act on his behalf.

## II.     Standard

A court considering a motion to dismiss under Rule 12(b)(6) "must accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 619 (6th Cir. 2002) (citing *Turker v. Ohio Dep't. of Rehab. & Corr.,* 157 F.3d 453, 456 (6th Cir.1998)). "Dismissal of the complaint is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Trzebuckowski v. City of Cleveland,* 319 F.3d 853, 855 (6th Cir. 2003) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).

Rules 12(b) and (c) of the Federal Rules of Civil Procedure provide that if, on a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment and disposed of as provided in Rule 56.

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also, Lenz v. Erdmann Corp.*, 773 F.2d

62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). Once the moving party has satisfied the initial burden, the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party's failure to "make a sufficient showing to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial" will result in dismissal of the non-moving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III.    Analysis

Here there is no dispute, and the Lease documents indicate that on February 28, 2002: (a.) DCFS was assigned the Lease (Exhibit 1, p. 3) (b.) the Lease was not in default and (c.) MBC was designated as the servicing agent to administer and enforce the Lease for DCFS (Exhibit 1, p. 4). It is MBC's actions to collect on the Lease after the vehicle was returned that are the acts challenged in this action.

> The Fair Debt Collection Practices Act ("FDCPA" or "Act") defines debt collector as:
>
> **(6)** The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. *Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.* For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is

>    the enforcement of security interests. The term does not include--
>       **(A)** any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
>       **(B)** *any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;*
>       **(C)** any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;
>       **(D)** any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;
>       **(E)** any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and
>       **(F)** any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) *concerns a debt which was not in default at the time it was obtained by such person; or* (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. §1692a(6) (emphasis added).

At the hearing on its motion to dismiss MBC argued that it was not a "debt collector" as defined by the Act because it fell within exception §1692a(6)(B) above. MBC's argument was that it is a d/b/a for DiamlerChrysler Services North America LLC (DCSNA), and only collects its own debts and not the debts of others. It was determined at the hearing that in order for MBC to support this argument it would need to show that (a.) MBC is under common ownership or affiliated with DCFS not DCSNA, because DCFS is the entity to which the lease was assigned, and (b.) MBC's primary business is not debt collecting. The parties conceded that because there was a question of fact regarding the ownership and/or affiliation between DCFS and MBC and the nature of MBC's principal business MBC could not succeed on a 12(b)(6) motion with this argument.

The undersigned questioned the parties at the hearing as to whether MBC might fall within exception §1692a(6)(F) above, in relevant part: "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... (iii) concerns a debt which was not in default at the time it was obtained by such person". Defendant's counsel indicated that this was not the subsection being asserted. Yet, in conducting further research it appeared to the undersigned that MBC would fall within exception §1692a(6)(F), as described more fully below, and the parties were given an opportunity to respond to an Order To Show Cause why the undersigned should not recommend dismissal on this basis.

An additional telephonic hearing was held at Plaintiff's request, at which time his counsel asked to review the servicing agreement between DCFS and MBC in order to gather facts allegedly necessary to respond to the Order to Show Cause. This request was granted, Plaintiff filed a supplemental brief after reviewing the servicing agreement and Defendant filed a reply.

A review of the supplemental briefs and the servicing agreement has provided no further information to refute the undersigned's position in the Order To Show Cause that Defendant is not a Debt Collector as defined by the Act.

There is no dispute that MBC was attempting to collect the debt of another, i.e. the debt assigned to DCFS from MB-Novi; that DCFS was assigned the debt on February 28, 2002, before it was in default and that MBC began acting as the servicing agent for the debt on February 28, 2002.[1] All of these facts are contained within the Lease, which both parties attached to their

---

[1] Obtaining a debt for purposes of the §1692a(6)(F) exception does not require ownership or assignment, though this is clearly sufficient, and includes the possession of the right and responsibility to collect a debt. *Franceschi v. Mautner-Glick Corp.*, 22 F.Supp.2d 250 (S.D.N.Y. 1998)(citing various cases and the legislative history of the Act).

5

pleadings in the present motion.

Research following the hearing led to the conclusion that the Sixth Circuit would agree that MBC falls within exception §1692a(6)(F) as a servicing agent for DCFC. In *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 107 (6th Cir. 1996), the Court held that the company to which a car dealership had assigned its customers' installment sales contracts for servicing was not a "debt collector" subject to the Act, even if car dealership rather than servicing agent was customers' creditor, because the Act's definition of debt collector specifically excluded persons collecting debt owed to another to the extent that the activity concerned debt that was not in default at time it was obtained by such person for servicing, and the servicing agent had obtained the debt before consumers had defaulted. *Wadlington*, 76 F.3d at 107.

Relating this holding to the present case, MBC would not be considered a "debt collector", as defined by the Act, because the Act's definition of debt collector specifically excludes persons collecting debt owed to another to the extent that the activity concerned debt that was not in default at time it was obtained for servicing, and it is undisputed that MBC obtained the debt for servicing at the Lease's inception. Unlike §1692a(6)(B), §1692a(6)(F) does not require the servicing agent to show any common corporate control or ownership, nor that its principal purpose is not the

---

In fact, the legislative history of the Act shows that the legislators meant to exclude loan servicing agents as "debt collectors":
> Finally, the committee does not intend the definition to cover the activities of trust departments, escrow companies, or other bona fide fiduciaries; the collection of debts, such as mortgages and student loans, by persons who originated such loans; mortgage service companies *and others who service outstanding debts for others*, so long as the debts were not in default when taken for servicing; and the collection of debts owed to a creditor when the collector is holding the receivable account as collateral for commercial credit extended to the creditor.

S. REP. 95-382, 3-4, 1977 U.S.C.C.A.N. 1695, 1698 (null).

6

collection of debts.

Inexplicably, Plaintiff responded to the Order to Show Cause arguing that the servicing agreement proved that MBC and DCFS were separate entities and that common ownership was required to exclude MBC from the definition of a debt collector under §1692a(6)(F) – as stated in the Order To Show Cause, common ownership is not required under this section as it is in §1692a(6)(B). Plaintiff fails to address the case law cited in the Order for this proposition or cite contrary law. Instead Plaintiff requests more documentation from Defendant for the recited purpose of determining whether MBC was acting as a servicing agent or debt collector for DCFS. Yet, this appears to be a distinction without a difference as the Act excludes from its purview entities acting to collect the debt of another provided the debt was obtained before it was in default – there is no dispute that the debt at issue was obtained by MBS for servicing, or collection, prior to default.

**IV.   RECOMMENDATION**

For the reasons stated above, **IT IS RECOMMENDED** that this matter be **Dismissed** on a finding that Defendant is not a debt collector as defined by 15 U.S.C. §1692a(6)(F). The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*,

231, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 7, 2006                                         s/Steven D. Pepe
Ann Arbor, Michigan                                         United States Magistrate Judge

Certificate of Service

I hereby certify that a copy of this Order was served upon the attorneys of record by electronic means on July 7, 2006.

                                                            s/Deadrea Eldridge
                                                            Courtroom Deputy Clerk